UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

FILED
2015 DEC -9 P 12: 15
U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD CT

IN THE MATTER OF ) IN PROCEDINGS UNDER CHAPTER 13

ROBERTA C. BURNS-MACNAUGHTON ) CASE NO. 15-22033

DEBTOR ) DATE: DECEMBER 9, 2015

## CHAPTER 13 PLAN

1. The debtor submits all or such portion of her future income to the control of the Trustee as is necessary for the execution of the plan. The debtor shall pay to the Trustee the sum of $4,705.02 each month, for 60 months.

Adequate Protection Payments: This plan proposes to pay the required monthly payment of principal and interest, together with sums escrowed monthly by the secured creditor for real estate property tax and homeowners insurance escrowed monthly for a loan secured by the debtor's personal property. Prior to the confirmation of this plan, the debtor shall make monthly adequate protection payments directly to the creditor holding the secured claim. Said payments shall be deducted from the payment to be made to the Trustee until such time that the plan payment is confirmed. Upon confirmation said adequate protection payments shall cease and the entire monthly plan payment shall be paid to the Trustee for distribution pursuant to this plan. The post-petition, pre-confirmation adequate protection payment shall be $2,588.97, each month, paid to OneWest Bank Mortgage Servicing (Formerly IndyMac Bank).

The $2,588.97 monthly payment is broken down as follows;
Principal and interest payable to OneWest Bank                          $1,537.02

| | |
|---|---:|
| Property taxes payable to the Town of East Granby | 818.78 |
| Homeowner Insurance payable to Safeco Insurance | 233.17 |
| Total | 2,588.97 |

2. From the payments so received, the Trustee shall make disbursements as follows:

   a. **THE SECURED CLAIM**: Subsequent to the above payments, payment shall be made to the secured creditor whose claim is duly proved and allowed, together with interest, if applicable, as hereinafter set forth:

   Mortgage arrearage in the amount of $126,963 due to OneWest Bank Mortgage Servicing shall be paid in 60 equal monthly installments of $2,116.05 until said mortgage arrearage is paid in full.

   b. **GENERAL UNSECURED CLAIMS**: All General Unsecured Claims will be Pro rata with payments to secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed as follows:

   General unsecured claims, shall be paid not less than 100%. If the debtor's estate is found to be solvent, general unsecured claims, which are not tax claims, shall be paid 100% plus interest per annum at the federal judgment rate existing on the date this plan is confirmed and general unsecured claims which are tax claims, shall be paid 100% plus interest at the rate said claim would receive pursuant to applicable non-bankruptcy law.

   No dividend shall be paid on the unsecured portion of any claim where the rights of the holder of such claim may not be modified pursuant to the provisions of 11 U.S.C. 1322(b)(2). The total of all general unsecured claims is $136,821.

3. The debtor has no executory contracts.

4. Other terms of the plan: None

5. In no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor had an enforceable lien, plus the amount, if any, that would be paid such claim if the estate of the debtor were to be liquidated under Chapter 7 of Title 11 of the United States Code.

6. With respect to each allowed secured claim:

      a. The holder of such claim retains the lien securing such claim until the earlier of: (1) the payment of the underlying debt determined under non-bankruptcy law; or (2) discharge under Section 1328; and

      b. If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law; and

      c. The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim and in no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor has an enforceable lien.

7. Payments to the Trustee shall be made in installments conforming to the debtor's payment plan over a period of 60 months in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims, and payments to unsecured creditors as hereinbefore provided. The debtor's total plan payments to the Trustee shall be not less than $282,301.20 ($4,705.02 x 60)

8. Title to the debtor's property shall re-vest in the debtor after the dismissal of the case or the closing of the case upon the approval by the Court of the Trustee's final report and account. However no property received by the Trustee for the purpose of distribution under the plan shall re-vest in the debtor except to the extent that such property is in excess of the amount needed to pay all allowed claims as provided in the plan.

9. Questions regarding this plan should be directed directly to the debtor.

_/s/ Roberta C. Burns-MacNaughton_
Roberta C. Burns-MacNaughton
Debtor

P. O. Box 270
East Granby, CT 06026
Phone: 860-653-9327
Fax: 860-653-9327
Email: Kirk@MacBuilds.com