FILED
2016 JUL 14  A 9: 57
CLERK. U.S. BANKRUPTCY COURT OF
DISTRICT OF CONNECTICUT
HARTFORD

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

ROBERTA C. BURNS-MACNAUGHTON ) IN PROCEDINGS UNDER CHAPTER 13

) CASE NO. 15-22033

DEBTOR ) DATE: JULY 14, 2016

## FIFTH AMENDED CHAPTER 13 PLAN

1. The Debtor submits all or such portion of her future income to the control of the Trustee as is necessary for the execution of the plan. The Debtor shall pay to the Trustee the sum of $3,004.21 each month, for 60 months, plus the Debtor's pre-confirmation payments in the amount of $17,747.36.

    a. Adequate Protection Payments: Prior to the confirmation of this plan, the debtor shall make monthly adequate protection payments in the amount of $2,320.79 directly to the Trustee until such time that the plan payment is confirmed. Upon confirmation of the plan, said adequate protection payments shall cease and the entire monthly plan payment shall be paid to the Trustee for distribution pursuant to the plan.

    b. Domestic Support Obligation: None

2. From the payments so received, the Trustee shall make disbursements as follows:

    a. <u>PRIORITY CLAIMS</u>: None

    b. <u>SECURED CLAIMS</u>: Payment shall be made to the secured creditors whose claims are duly proved and allowed, together with interest, if applicable, as hereinafter set forth:

        i. Mortgage arrearage in the amount of $139,247.64 due to CIT Bank, shall be paid in 60 equal monthly installments, without interest, in the amount of $2,320.79 until said mortgage arrearage is paid in full.

        ii. Judgment Lien in the amount of $2,524.23, plus interest at 5.5%, due to Connecticut Valley Radiology PC shall be paid in 60 equal monthly installments of $48.21 until said judgment lien is paid in full.

1

iii. Post-petition, both prior to and upon confirmation of the plan, the Debtor will pay the required monthly payments in the amount of $2,750.61 directly to her first mortgage lender, CIT Bank, N.A., outside of the plan.

iv. Post-petition, both prior to and upon confirmation of the plan, the Debtor will pay the required monthly payments in the amount of $301.71 directly to her secured auto lender, Santandar Consumer USA Inc. outside of the plan.

c. <u>GENERAL UNSECURED CLAIMS</u>: Pro rata with payments to secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed as follows:

> General unsecured claims, (including the foregoing secured claims which are treated as unsecured claims by virtue of 11 U.S.C. 506(a) or 522(f)), shall be paid not less than 100%. If the Debtor's estate is found to be solvent, general unsecured claims, which are not tax claims, shall be paid at 100% plus interest per annum at the federal judgment rate existing on the date this plan is confirmed and general unsecured claims which are tax claims shall be paid 100% plus interest at the rate said claim would receive pursuant to applicable non-bankruptcy law.

> No dividend shall be paid on the unsecured portion of any claim where the rights of the holder of such claim may not be modified pursuant to the provisions of 11 U.S.C 1322(b)(2). The total of all general unsecured claims is $36,257.66.

3. The Debtor has no Executory Contracts.

4. Other terms of the plan: None

5. In no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor had an enforceable lien, plus the amount, if any, that would be paid such claim if the estate of the Debtor were to be liquidated under Chapter 7 of Title 11 of the United States Code.

6. With respect to each allowed secured claim:

a. The holder of such claim retains the lien securing such claim until the earlier of: (1) the

2

payment of the underlying debt determined under non-bankruptcy law; or (2) discharge under Section 1328; and

b. If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law; and

c. The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim and in no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor has an enforceable lien.

7. Payments to the Trustee shall be made in installments conforming to the Debtor's payment plan over a period of 60 months in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims, and payments to unsecured creditors as hereinbefore provided. The Debtor's total plan payments to the Trustee shall not be less than $198,000.

8. Title to the Debtor's property shall re-vest in the debtor after the dismissal of the case or the closing of the case upon the approval by the Court of the Trustee's final report and account. However no property received by the Trustee for the purpose of distribution under the plan shall re-vest in the Debtor except to the extent that such property is in excess of the amount needed to pay all allowed claims as provided in the plan.

9. The amount of the Debtor's attorney's fees already paid outside the plan is N/A.

10. Questions regarding this plan should be directed directly to the Debtor.

/s/ Roberta C. Burns-MacNaughton
Roberta C. Burns-MacNaughton
Debtor

P. O. Box 270
East Granby, CT 06026
Phone: 860-653-9327
Fax: 860-653-9327
Email: Kirk@MacBuilds.com

3

## CERTIFICATION OF SERVICE

The undersigned Debtor hereby certifies that this Chapter 13 Plan has been mailed to the following parties via first class mail on June 3, 2016.

Molly T. Whiton, Trustee
10 Columbus Boulevard
Hartford, CT 06106

Office of the United States Trustee
Kim McCabe
150 Court Street, Suite 302
New Haven, CT 06510

Santander Consumer USA Inc.
Mitchell J Levine, Esq.
Nair & Levin, P. C.
707 Bloomfield Avenue
Bloomfield, CT 06002

Santander Consumer USA, Inc.
P. O. Box 961245
Fort Worth, TX 76161-1245

CIT Bank, N.A., fka One West Bank, N. A., fka One West Bank, FSB
Patricia Davis
Marinosci Law Group
270 West Natick Road
Suite 500
Warwick, RI 02886

CIT Bank, N.A., fka One West Bank, N. A., fka One West Bank, FSB
P. O. Box 9013
Addison, TX 75001

Cavalry SPV I, LLC
500 Summit Lake Drive
Valhalla, NY 10595

Connecticut Valley Radiology PC
Gregory A. Benoit, Esq.
143 Boston Post Road
Waterford, CT 06385

American Express Bank, FSB
c/o Becket and Lee LLP
P. O. Box 3001
Malvern, PA 19355-0701